UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CAI,<br><br>    Plaintiff,<br><br>v.<br><br>NEIL MCDOWELL,<br><br>    Defendant. | Case No. 19-cv-03067-HSG<br><br>**ORDER GRANTING MOTION TO STAY PETITION**<br><br>Re: Dkt. No. 2 |

Petitioner Jason Cai, a state prisoner serving a sentence of life without parole at Ironwood State Prison in Blythe, California, filed a petition for writ of habeas corpus on June 3, 2019. Dkt. 1. He simultaneously filed a motion to stay the petition in order to exhaust two claims in state court. Dkt. 2. The Court GRANTS the motion to stay.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) mandates that a habeas petition under 28 U.S.C. § 2254 may "not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1). AEDPA simultaneously imposes a one-year statute of limitations for such petitions. *Id.* § 2244(d)(1). The interplay between these provisions meant that petitioners who brought unexhausted claims to federal court would almost always have their petitions denied, since they would have insufficient time to exhaust those claims in state court then return to federal court. To address this issue, courts may stay and hold in abeyance mixed petitions to allow petitioners to exhaust these claims without losing their place in federal court if "the petitioner demonstrates 'good cause' for his failure to exhaust his claims in state court, . . . his claims are not plainly meritless, and . . . he has not engaged in 'abusive litigation tactics.'" *Dixon v. Baker*, 847 F.3d 714, 720 (9th Cir. 2017) (quoting *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). Alternatively, if a

petitioner cannot meet these conditions, courts must "allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 278.

Petitioner has shown cause for his failure to exhaust prior to arriving in federal court. Petitioner argues that since "his federal one-year statute will expire 30 days after the state court rules, leaving him just 30 days to file in federal court," he has demonstrated good cause. The California Supreme Court denied Petitioner's first state habeas petition on June 13, 2018. Dkt. 1-1 Ex. H. The AEDPA time bar began running 90 days later, on September 11, 2018. *See Bowen v. Roe*, 188 F.3d 1157, 1158-60 (9th Cir. 1999) (establishing the 90-day rule). Since Petitioner filed his second state habeas petition on May 19, 2019, again tolling AEDPA's statute of limitations clock, Petitioner would have 115 days—not 30—to file his federal habeas petition. Nonetheless, because Petitioner is unsure if he "properly filed" his second state habeas petition due to California's undefined timeliness standard, *In re Clark*, 855 P.2d 729, 798 n.35 (Cal. 1993), he has demonstrated good cause. 28 U.S.C. § 2244(d)(2). The Court agrees that "[a] petitioner's reasonable confusion about whether a state filing would be timely . . . ordinarily constitute[s] 'good faith' for him to file in federal court." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Petitioner also demonstrates good cause by pointing to his appellate counsel's and post-convictions counsel's failure to exhaust prior to the federal court filing and his otherwise diligent pursuit to exhaust claims by filing first in state court. *Cf. Roam v. Runnels*, No. 03-cv-1168, 2006 WL 821941 at *1 (N.D. Cal. 2006) (finding good cause under *Rhines* where petitioner alleged ineffective assistance of appellate counsel in his state petition and where state petition had already been filed).

Additionally, at least one of the claims that Petitioner wishes to exhaust—ineffective assistance of appellate counsel—is cognizable and as such is potentially meritorious. *See Dixon* 847 F.3d at 722 (citing *Rhines*, 544 U.S. at 277). Finally, the Court sees no indication that Petitioner has engaged in "abusive litigation tactics or intentional delay." *See Rhines*, 544 U.S. at 278. Accordingly, the Court GRANTS Petitioner's motion to stay and hold these proceedings in abeyance.

2

Petitioner must act diligently and promptly return to federal court after his state court proceedings have concluded. *See id.* at 277–78. If Petitioner does not return within thirty days of exhausting the unexhausted claims, the action or the unexhausted claims may be dismissed. *See Kelly v. Small*, 315 F.3d 1063, 1071 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007).

**IT IS SO ORDERED.**

Dated: 8/22/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge