UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON CAI,<br><br>    Plaintiff,<br><br>v.<br><br>NEIL MCDOWELL,<br><br>    Defendant. | Case No. 19-cv-03067-HSG<br><br>**ORDER GRANTING MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Dkt. No. 26 |

## INTRODUCTION

Petitioner has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1. Petitioner now seeks to amend this petition. *See* Dkt. No. 26. Separate from his motion to amend, petitioner filed the proposed amended petition as a separate document. *See* Dkt. No. 27. Good cause being shown, his unopposed request to amend the petition is GRANTED. Dkt. No. 26. The first amended petition is deemed submitted and is now the operative petition. *See* Dkt. No. 27. The amended petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## BACKGROUND

According to the amended petition, petitioner was convicted of one count of premeditated murder. Dkt. No 27 at 3. Petitioner was sentenced to life without the possibility of parole plus a consecutive term of 25 years to life. *Id.*

His conviction was affirmed by the California Court of Appeal in May 2016, and his petition for review was denied by the California Supreme Court in August 2016. *Id.* In November 2016, the Court of Appeal vacated its May 2016 opinion to correct "a mathematical error." *Id.*

Petitioner again filed a petition for review in the California Supreme Court, but the petition was denied in February 2017. *Id.*

Petitioner reports that his counsel filed a habeas petition in the Santa Clara Superior Court, which was denied in May 2017. *Id.* at 3. His counsel also filed a habeas petition in the state appellate court, which was denied in November 2017, and subsequently filed a habeas petition in the California Supreme Court, which was denied in June 2018. *Id.* at 4.

In June 2019, petitioner filed a habeas petition in this Court, as well as a request to hold the petition in abeyance while petitioner exhausted state remedies for additional claims. *Id.* In granting the request for abeyance, this Court ordered petitioner to return to federal court within 30 days of exhausting the unexhausted claims. *Id.*

In May 2019, petitioner filed a second habeas petition in the Santa Clara Superior Court, which was denied on the merits. *Id.* Petitioner reports filing a habeas petition raising the same claims contained in the superior court petition in the California Court of Appeal, which was denied in May 2020. *Id.* at 4-5. Petitioner also reports filing a habeas petition with the California Supreme Court, which was denied on August 26, 2020. *Id.* at 5.

On June 3, 2019, petitioner commenced the instant action by filing a writ for a petition of habeas corpus. Dkt. No. 1. On September 25, 2020, petitioner filed an amended petition. Dkt. No. 27.

**DISCUSSION**

Liberally construed, the claims stated in the amended petition are sufficient to require a response. The Court orders respondent to show cause why the amended petition should not be granted.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1.  The Court lifts the stay that was previously granted to allow petitioner to exhaust his unexhausted claims. *See* Dkt. No. 25.

2.  Petitioner's unopposed request to amend the petition is GRANTED. Dkt. No. 26. The first amended petition, docketed at Dkt. No. 27, is deemed submitted and is the operative

petition.

3.  Respondent shall file with the Court and serve on petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **thirty-five (35) days** of the date the answer is filed.

4.  Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

5.  Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

6.  Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

This order terminates Dkt. No. 26.

**IT IS SO ORDERED.**

Dated: 11/6/2020

_Haywood S. Gilliam, Jr._
HAYWOOD S. GILLIAM, JR.
United States District Judge

3